## MARY BURGER v. JOHN BESTE.

### *Partition—Decree—Parol evidence.*

Where the report of the commissioners and the decree in partition proceedings are silent as to any inequality in the division of the property, and the decree makes no provision for compensation therefor pursuant to How. Stat. § 7931, it will be presumed that no inequality existed, and said presumption cannot be overthrown by parol testimony in a collateral proceeding.

Error to Wayne.  (Brevoort, J )  Submitted on briefs October 27, 1893.  Decided December 22, 1893.

*Assumpsit.*  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*Charles Flowers,* for appellant.

*Peter E. Park,* for defendant.

McGRATH, J.  The parties are brother and sister.  After

the death of the father, and during the life of the mother, a partition of a certain parcel of land of which the father died seised was had in the circuit court, subject to the mother's life-estate. The plaintiff insists that the parties verbally agreed upon the division which was finally made; that defendant was to take the parcel upon which the house stood; that the commissioners had appraised the house at $500; that otherwise the land was about equally divided; that defendant agreed to pay to plaintiff $250 upon the death of the mother, in consideration of the difference in value, and that the partition was made in view of this agreement between the parties. Two of the commissioners have died since the partition. The third was sworn for defendant, and denied the appraisement, or that the alleged understandings of the parties were considered by the commissioners. The defendant had judgment, and plaintiff appeals.

Both the report of the commissioners and the decree are silent as to the appraisal, and also as to the other disputed questions. The statute (How. Stat. § 7931) provides that—

"Whenever partition shall be decreed by any circuit court, if it shall appear that it cannot be made equal between the parties without prejudice to the rights and interests of some of them, the court may decree compensation to be made by one party to the other, for equality of partition, according to the equity of the case."

The parties were before the court in the partition proceeding. Plaintiff bases her right to a recovery upon an agreement founded upon an inequality in the partition. The judgment of the court must control. It must be presumed, especially in view of this statute, that no inequality existed, and this presumption cannot be overthrown by parol in a collateral proceeding.

The judgment is therefore affirmed.

The other Justices concurred.